IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>RAFAEL TEXIDOR-PEREZ [1], et al.<br><br>**Defendants** | **CRIM NO. 20-382** (RAM) |

**MEMORANDUM AND ORDER**

Pending before the Court are the Group C Defendants' ("Group C") *Motion In Compliance* 1 and the Group A Defendants' (Group A") *Informative Motion Regarding Discovery Disputes.* (Docket Nos. 580-581).[1] Both of these motions report the status of outstanding discovery requests and identifying any pending disputes. The Government subsequently filed responses to Group C and Group A's. (Docket Nos. 610 and 611, respectively).

**I. DISCUSSION**

**A. Moot Discovery Disputes**

Review of the aforementioned filings reflects that the following discovery disputes are **moot,** as the requests have been

---

[1] Group C is comprised of co-defendants Andrys Mata-Salazar (6), Angel Miguel Rodriguez-Jauregui (19), Jesus Antonio Carreno (20), Leonel Alexander Camacho-Lugo (21), Carlos Jose Alcala-Rivas (22), Valentin Antonio Espinoza-Salazar (23), Angel Placido Manta-Salazar (24), Adrian Jose Romero-Salazar (25), Pedro Alejandro Salazar (26), Jacier Alejandro Salazar-Marcano (27), Alexis Raul Moreno-Guerrero (28), Jose Moreno (29), and Jose Sucre (30). Group A consists of co-defendants Rafael Texidor-Perez (1), Carlos Javier Nieves-Rivera (2), Jose Raul Dotel (3), and Roberto Cedeno-Olivencia (4).

complied by the Government:

- Forms of payment and monetary transactions related to the drug venture charged in the case (Docket Nos. 580 ¶ 2; 610 ¶ 2)
- Reports regarding confidential sources and undercover agents (Docket Nos. 580 ¶ 4; 610 ¶ 4)
- Recordings between defendants and law enforcement (Docket Nos. 580 ¶ 5; 610 ¶ 5)
- Information regarding the fourth small vessel that appears in discovery materials (Docket Nos. 580 ¶ 6; 610 ¶ 6)
- Surveillance data (Docket Nos. 581 ¶ 2; 611 ¶ 2)
- Report of apprehension of approximately 20 bales of cocaine (Docket Nos. 581 ¶ 3; 611 ¶ 3)
- Evidence regarding chain of custody of the narcotics (Docket Nos. 581 ¶ 4; 611 ¶ 4)

**B. Disputed Discovery Requests**

Despite their efforts, the Government and Group C were unable to reach agreements as to four (4) of the latter's discovery requests. Each request, and the Government's objection thereto, is addressed below.

1. <u>Notice from FBI/DEA to the U.S. Attorney's Office</u>

Group C defendants have requested to obtain the notification

sent by either the Federal Bureau of Investigation ("FBI") or Drug Enforcement Administration ("DEA") to the U.S. Attorney's Office "in compliance with the procedure established in 28 CFR 50.21 to destroy the bulk of the alleged contraband seized in the case." (Docket No. 580 ¶ 1). Group C argues the notification cannot be viewed as merely an internal government document because they were deprived of their right to inspect the totality of the seized evidence. Id. The Government maintains that the notification is not relevant and does not exculpate Defendants. (Docket No. 610 ¶ 1). Moreover, the Government asserts it has indicated the bulk narcotics were destroyed and it provided defendants with relevant documentation, and the corresponding laboratory analysis of the ten kilograms sent to the DEA.

28 C.F.R. 50.21 dictates the procedures to be followed by the FBI or DEA regarding the destruction of contraband drug evidence. Specifically, 28 C.F.R. 50.21(e)(1) provides that when contraband drug substances in excess of the threshold amount are seized and retained pursuant to a criminal investigation by the FBI or DEA, the agency having custody shall:

> Immediately notify the appropriate U.S. Attorney, Assistant U.S. Attorney, or the responsible state/local prosecutor that the amount of seized contraband drug exceeding the threshold amount and its packaging, will be destroyed after sixty days from the date notice is provided of the seizures, unless the agency providing notice is requested in writing by the authority receiving notice not

to destroy the excess contraband drug[.]

Notably, the regulation **does not** require notice to the defendants or to "anyone other than the U.S. Attorney's Office." United States v. Lopez-Felix, 21 F.3d 1117, at *4 (9th Cir. 1994). *See also* United States v. Gomez, 191 F.3d 1214, 1219 (10th Cir. 1999). While there is case law showing that some U.S. Attorney's Offices routinely choose to forward these notices to defendants, the Court has not found, and the Group C has not alleged there is any obligation to do so. *See* United States v. Fisher, 2010 WL 5488476, at *5 (D. Ariz. 2010), report and recommendation adopted, 2011 WL 11613 (D. Ariz. 2011); United States v. Michael, 2007 WL 9657802, at *2 (D.N.M. 2007). They also have not supported their request for this internal notice with any citational or legal authorities, as required by Local Rule 7(a), made applicable to criminal proceedings by Local Rule 112. *See* L. CV. R. 7(a); L. CR. R. 112. Furthermore, they have not articulated what specific information in the notice not contained in the documentation already provided, is material to their defense. Thus, the Court will not compel compliance with Group C's request for the internal notice.

2. Law enforcement operational plan

Group C requests "the law enforcement operational plan to intervene with the defendants" on the grounds that they are entitled to examine all the circumstances surrounding their arrest

and any warrantless intervention. (Docket No. 580 ¶ 3). The Government countered that internal operational plans are irrelevant and do not contain exculpatory evidence. (Docket No. 610 ¶ 3). Furthermore, the Government asserted that documentation regarding the intervention with defendants at sea has been provided. Id.

Fed. R. Crim. P. 16(a)(2) specifies what information is not subject to disclosure during pretrial discovery in a criminal case and establishes that Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Accordingly, the Ninth Circuit has held that the government's "operational plans" are **"not discoverable** under the Federal Rules of Criminal Procedure." United States v. Ailemen, 43 F. App'x 77, 84 (9th Cir. 2002) (emphasis added). In the case at bar, Group C has not provided any citations or authorities to support another conclusion. See L. CV. R. 7(a); L. CR. R. 112. Therefore, the Court will not compel compliance with Group C's request for the production of law enforcement's operational plan.

3. Recordings of government communications

Group C also requests the recordings between government agents, contending they are relevant to "the manner and circumstances by which the government agents conducted a

warrantless arrest of the defendants." (Docket No. 580 ¶ 5). On their part, the Government notes that while it has provided recordings between Defendants and law enforcement and will continue to amend its production if it obtains additional recordings that are relevant under Rule 16 or Brady, it "objects to this request to the extent that is asking for all internal communications between law enforcement agencies." (Docket No. 610 ¶ 5). The Court concludes that the Government is complying with its obligation to produce relevant material under Fed. R. Crim. P. 16(a)(1)(E). Group C's request, without adequate citations, supporting authorities, or specificity as to the recordings requested, is insufficient to warrant an order for additional discovery production. *See* United States v. Bridges, 2006 WL 3716653, at *8 (E.D. Tenn. 2006). Thus, the Court will not compel compliance with the request for all recordings between agents at this time.

    4. Copies of all documents seized from the vessels

Group C requests "a copy (paper or digital) of the documents seized from the vessels." (Docket No. 580 ¶ 8). On their part, the Government maintains it has complied with its obligations by providing Group C with: (a) an inventory and photo log of the items seized; and (b) several opportunities for Group C's counsel to conduct an inspection of the items seized and stored in evidence. (Docket No. 610 ¶ 8). Furthermore, the Government has agreed to

scan for production three of the more voluminous exhibits. Id.

Fed. R. Crim. P. 16(a)(E) ("Rule 16"), which governs discovery of documents and objects in criminal cases, provides that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy" documents within the government's control and that are either: (1) "material to preparing the defense;" (2) intended to be used in the government's "case-in-chief at trial;" or (3) "was obtained from or belongs to the defendant." While this Rule clearly grants Group C access to inspect and copy documents, "[a]n examination of the express language contained in Rule 16 necessarily directs the conclusion that the rule **does not** require the government to copy or otherwise expend government funds in order to supply criminal defendants with their requested material." United States v. Freedman, 688 F.2d 1364, 1366 (11th Cir. 1982) (emphasis added). Furthermore, as noted by the Government, the First Circuit has held that a "pretrial, blanket demand" for all documents material to a defendant's defense is "too general to satisfy the requirement of a request and a showing of materiality." United States v. Carrasquillo-Plaza, 873 F.2d 10, 12 (1st Cir. 1989). Given that the Government has allowed for the inspection of documents and is currently scanning various voluminous documents that were specifically requested, the Court will not compel compliance with this request.

### C. Pending Discovery Requests

Lastly, several discovery requests were not objected to by the Government but remain outstanding. These are:

- ION Scan Packages (Docket Nos. 580 ¶ 7; 610 ¶ 7)
- Copies of voluminous documents seized from the vessels and requested by several attorneys present at the inspection (Docket Nos. 580 ¶ 8; 610 ¶ 8)
- Extractions concerning the investigation on land and sea (Docket Nos. 581 ¶ 1; 611 ¶ 1)

As these discovery requests have been outstanding for months, the Court is of the view that a fixed date for compliance should be set at this time. The Government shall notify the Court how much time is needed to complete their production.

## II. CONCLUSION

Group C's *Motion In Compliance* at Docket No. 580 and Group A's *Informative Motion Regarding Discovery Disputes* at Docket No. 581 are hereby **NOTED**. The Government is **ORDERED** to inform the Court on or before **April 11, 2022,** how much time is needed to complete the production of outstanding discovery requests listed in Section C of this Memorandum and Order.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of April 2022.

s/Raúl M. Arias-Marxuach  
UNITED STATES DISTRICT JUDGE